UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS GONZALEZ,

              Plaintiff,

-against-

MIDDLETOWN WALMART SUPERCENTER STORE #1959, et al.,

              Defendants.

**ORDER**

20-CV-00360 (PMH)

PHILIP M. HALPERN, United States District Judge:

Carlos Gonzalez ("Plaintiff") brings this action against Wal-Mart Stores East, LP[1] ("Defendant") alleging that Defendant's negligent placement of a rug in a store aisle caused him to fall and suffer injuries.

Plaintiff commenced this action on March 15, 2019. (Doc. 4-1). Defendant's notice of removal was docketed on January 15, 2020. (Doc. 4). Roughly one year later, on January 21, 2021, Defendant moved for summary judgment. (Docs. 36-39). After receiving an extension of time to oppose Defendant's motion, Plaintiff filed his opposition brief on March 11, 2021. (Doc. 44, "Pl. Opp."). Defendant filed its reply brief on March 24, 2021. (Doc. 45, "Defs. Reply"). For the following reasons, Defendant's motion is DENIED.

    I.    Signature Requirement

Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The Supreme Court has interpreted Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v.*

---

[1] Defendant is sued herein as Middletown Walmart Supercenter Store #1959, Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., and Middletown I Resources, L.P. (*See* Doc. 4-1).

*Montgomery*, 532 U.S. 757, 764 (2001). None of Defendant's moving papers are signed by Defendant's counsel, despite bearing signature blocks with her name printed below the signature line. (*See* Docs. 38-39, 45).

II.    <u>Genuine Issues of Material Fact</u>

Notwithstanding Defendant's counsel's failure to comply with Fed. R. Civ. P. 11(a), the Court has still reviewed the parties' moving papers and the documents submitted therewith. Having done so, it appears that there are at least two genuine issues of material fact that remain to be adjudicated.

*First*, it remains disputed whether the rug display was placed in a "busy," "high traffic" aisle. (Pl. Opp at 7, 9). Defendant argues that the aisle was "neither crowded by merchandise nor people," and includes photographs in its reply brief that were supposedly "taken immediately after [Plaintiff's] fall" to establish this point. (Defs. Reply at 4). Admittedly, the photographs depict an aisle completely devoid of "merchandise [and] people." (*Id*.). But, in the Court's view, the condition of the aisle sometime *after* Plaintiff's fall is of limited to no probative value. What matters here—and, vitally, what the photographs fail to disprove—is whether there were other happenings in the aisle that stole Plaintiff's attention away from the rug display at the time he fell. (Pl. Opp. at 1, 6, 9).

*Second*, it remains disputed whether Defendant intended to and/or should have placed furniture on top of the rug display. Plaintiff argues that the rug display was "unfinished" and "incomplete" because it "was part of a display intended to have furniture on top – to hold the rug in place and prevent it from moving." (*Id*. at 5-7). Defendant does not directly refute this assertion—if anything, the photographs included in Defendant's reply brief may inadvertently support Plaintiff's contention that the rug that he tripped over was supposed to be weighed down

by furniture. (Defs. Reply at 4). Indeed, in the upper left-hand corner of the first photograph, it appears that another similar display—right next to the display that allegedly caused Plaintiff's fall—was arranged with furniture on top of a rug. (*Id.*).

Both of these issues of fact bear on whether Defendant was negligent in its placement of the rug display. The Court is, therefore, not convinced that this dispute is fit for resolution on a motion for summary judgment.

## **CONCLUSION**

Accordingly, Defendant's motion for summary judgment is DENIED without prejudice to filing a new motion whereby Defendant files moving papers in compliance with Fed. R. Civ. P. 11(a). Defendant, should it be so advised, may file a new motion for summary judgment by October 6, 2021.

Should Defendant file its motion for summary judgment, the parties are directed to file in connection therewith a revised Rule 56.1 Statement in compliance with Rule 4.E of this Court's Individual Practices. Failure to comply strictly with this rule will result in a denial of the motion without prejudice. Additionally, Defendant must directly address the factual issues raised by the Court herein.

In the event Defendant does not file its motion by October 6, 2021, the parties shall file a proposed Joint Pretrial Order in compliance with Rule 6.A of the Court's Individual Practices by November 5, 2021.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 36.

SO ORDERED:

Dated: White Plains, New York
      September 16, 2021

_____
Philip M. Halpern
United States District Judge